COURT OF CHANCERY
OF THE
STATE OF DELAWARE

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

May 9, 2016

Mr. Michael Vernon Critchfield
P.O. Box 11
Mondovi, WI 54755

David C. Hutt, Esquire
R. Eric Hacker, Esquire
Morris James Wilson Halbrook &
        Bayard LLP
107 West Market Street
P.O. Box 690
Georgetown, DE 19947

RE:   ***Michael Vernon Critchfield v. Rosie Rios, U.S. Treasurer, et al.***
        Civil Action No. 11717-VCMR

Dear Mr. Critchfield and Counsel:

I have considered the filings in this case, the exhibits attached thereto, and the applicable laws. For the following reasons, Mr. Critchfield's complaint is dismissed.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2015, Plaintiff Michael Vernon Critchfield filed the complaint in this action (the "Complaint"). Mr. Critchfield was born in Illinois. Mr. Critchfield's wife and their three children were born in Wisconsin. Mr. Critchfield's Complaint alleges that when each of Mr. Critchfield and his family members was born, a Certificate of Live Birth was created, but "was incomplete" because "articles of incorporation and Federal Reserve Banking information"

"[making] each family member a surety (bondservant) to that corporation" was concealed from them.[1] According to Mr. Critchfield, "proof of that incorporation is evident by the all capital letters name on the birth certificates . . . and social security cards . . . ."[2] Further, bonds were issued for each family member based on the Certificates of Live Birth resulting in unjust enrichment of others based on the future labors of Mr. Critchfield, his wife, and his children.[3] The Complaint alleges that "[e]ach family member's rights to constitutional protections were swept away as a result of this heinous fraud on [Mr. Critchfield] and his family members as they were all infants at the time of the fraud."[4] Mr. Critchfield pleads that, to regain his equitable rights, he established a trust in Wisconsin for himself and a trust in Illinois for his family members.[5]

Purportedly in accordance with provisions of the Trading with the Enemy Act of 1917 ("TWEA"),[6] Mr. Critchfield names Rosie Rios, the current U.S.

---

[1]    Compl. at 2.

[2]    *Id.* (citing exhibits).

[3]    *Id.* at 3.

[4]    *Id.* at 2.

[5]    *Id.* at 3.

[6]    Trading With The Enemy Act of 1917 § 9, 50 U.S.C.A. § 4309 (West 2016) [hereinafter TWEA].

Treasurer, and Richard H. Bell, agent of the Delaware corporation U.S. TREASURY, as defendants ("Defendants") in this civil action in equity,[7] and prays for twenty-two forms of relief.[8]

Mr. Critchfield also filed numerous motions with the Court. On December 1, 2015, Mr. Critchfield filed a motion to replace his supplemental information sheet, a motion to expedite proceedings, and a motion to remove summonses for Ms. Rios and Mr. Bell from the record because Mr. Critchfield seeks a declaratory judgment. On December 15, 2015, Mr. Critchfield filed a motion to amend supplemental information sheet, a statement of good cause for suit to not be assigned to a Master in the first instance, and a motion for a de novo review of this suit in equity. On February 15, 2016, Mr. Critchfield filed several individual

---

[7]     *Id.*

[8]     Examples include: (1) deliver Mr. Critchfield's and his family's Certificates of Live Birth from Illinois and Wisconsin, respectively; (2) declare Mr. Critchfield and his family members are nationals of Illinois and Wisconsin, respectively; (3) compel issuance of U.S. Passports and Passport cards for family members reflecting national status and diplomatic immunity; (4) eliminate credit history/credit reports; (5) enter restraining orders against the National Security Agency ("NSA"), the Department of Homeland Security ("DHS") Secretary, the Transportation Safety Administration ("TSA"), and the Internal Revenue Service ("IRS") Secretary, among others; and (6) compel a complete accounting of all U.S. Department of the Treasury accounts created by the artifice and fraud via the family's certificates of live birth. *See* Compl. at 4-6.

motions for various declarations.[9]   Also on February 15, 2015, Mr. Critchfield moved for a special proceeding in chambers, in camera, for a declaratory judgment on the pleadings.

On April 20, 2016, Mr. Bell filed a motion to dismiss for failure to state a claim under Court of Chancery Rule 12(b)(6) (the "Motion to Dismiss") on the grounds that the Complaint does not contain any allegations against Mr. Bell and does not suggest that Mr. Bell can provide any of the relief Mr. Critchfield seeks. The Motion to Dismiss also questions this Court's subject matter jurisdiction over Mr. Critchfield's claims. Further, Mr. Bell points out that Mr. Critchfield's "straw man" or "redemption" theory, which often arises in fraud, debt avoidance, and tax evasion cases, is well known to and uniformly rejected by federal courts.[10]

---

[9]   The motions seek declarations ordering the above-cited relief, *supra* note 8, and ordering the release of their natural persons from office of trustee; moving Mr. Critchfield's natural person from the office of trustee to the office of cestui que trust; and ordering U.S. Attorney General Loretta Lynch, State of Wisconsin Attorney General Brad Schimel, and Buffalo County District Attorney Thomas Clark to update their respective databases to reflect that Mr. Critchfield and his family members have diplomatic immunity from at-law courts, among other things. Docket Item Nos. 19-26, 29-30, 37.

[10]   *See, e.g.*, *United States v. Provost*, 2012 WL 1158801, at \*4 (E.D. Cal. Apr. 6, 2012) (collecting cases characterizing straw man and redemption theories as patently frivolous, "implausible," "clearly nonsense," "convoluted," and "peculiar," "nonsensical and soundly rejected in this and all other jurisdictions," and itself finding the theories unintelligible, without merit, and wholly frivolous); *United States v. Waalee*, 133 Fed. Appx. 819, 822 n.2 (3d Cir. 2005); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007), *aff'd*, 282

On May 3, 2016, Mr. Critchfield filed additional pleadings with the Court, including (1) Complainant's Exception To Defendant Bell's Answer; Motion To Strike Defendant Bell's Motion To Dismiss; Declaration Of Trust (the "Exception"); and (2) Motion To Strike Defendant Richard Bell's Motion To Dismiss (the "Motion to Strike"). In the Exception, Mr. Critchfield argues that Mr. Bell's Motion to Dismiss "is incomprehensible and irrelevant in exclusive equity" because it "makes an at-law argument in an attempt to dismiss the complaint's private trust suit and the implied fiduciary relations when the suit is being adjudicated in exclusive equity."[11] Further, Mr. Critchfield argues the Motion to Dismiss "misconstrued the basis for the complaint, and, therefore, has not answered it."[12] Mr. Critchfield also refutes the characterization of "straw man" theory in the Motion to Dismiss, clarifies that "[o]nly the State of Delaware recognizes natural persons" and that, "[f]or all practical purposes, Wilmington, Delaware is the de jure capitol of the United States," and concludes that "[t]he

---

Fed. Appx. 260 (4th Cir. 2008); *see also* Rev. Rul. 2005-21, 2005-14 I.R.B. 822; OCC Alert 2007-55, Sept. 5, 20007, http://www.occ.treas.gov/ftp/alert/2007-55.html (describing "[t]he use of a nonexistent 'trust account' supposedly held in a person's name at the United States Department of the Treasury or some other part of the federal government" as one of the "fraudulent processes used to . . . 'eliminate' debt").

[11]    Docket Item No. ("D.I. No.") 52 at 1 ("Exception").

[12]    *Id.*

'answer' is full of sophistry and obfuscation, which is completely inappropriate with respect to a suit in exclusive equity governed by the maxims of equity."[13] Finally, Mr. Critchfield purportedly makes a declaration of trust appointing Mr. Bell, Mr. Bell's counsel, and Ms. Rios as trustees of the Critchfield Pecuniary Relief Trust, a Wisconsin trust that consists of all financial accounts in the all capital letter names of Mr. Critchfield, his wife, and their three children.

## II.     LEGAL ANALYSIS

### A.     Subject Matter Jurisdiction

This is the third action of its nature dismissed by this Court in four months. In *Bechard v. Rios*, Master Ayvazian detailed allegations and theories nearly identical to those raised here before recommending, on February 2, 2016, that the Court *sua sponte* dismiss the complaint for lack of subject matter jurisdiction, that related motions be dismissed as moot, and that Bechard refer to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.[14] On February 18, 2016, Chancellor Bouchard approved the Master's final report and

---

[13]     *Id.* at 4.

[14]     2016 WL 402471, at *1 (Del. Ch. Feb. 2, 2016) (Master's Final Report) ("*Bechard I*").

adopted the findings of fact made therein.[15]    Nonetheless, Bechard filed a purported notice of voluntary dismissal on or about March 8, 2016 and re-filed the same complaint on or about March 9, 2016.[16]    Echoing Master Ayvazian's findings, Vice Chancellor Glasscock concluded that "[Bechard's] Complaint is incomprehensible and [Bechard] manifestly lack[s] jurisdiction to bring this matter before a Court in Delaware."[17]    Similar to *Bechard I,* "[Bechard's second] action [was] dismissed *sua sponte* for lack of subject matter jurisdiction, and [his] related motions [were] dismissed as moot."[18]

In his Exceptions, Mr. Critchfield attempts to distinguish *Bechard I* and *Bechard II* from this action based on Mr. Bechard's failure to show in his paperwork that his trust was verified and recorded.  Mr. Critchfield argues this is the reason both the Complaint "made it past the de facto Register of Chancery's office " and Vice Chancellor Glasscock "chastised [Mr. Bechard's] efforts to gain access to the de jure Chancellor's office."[19]  I do not read *Bechard I* or *Bechard II*

---

[15]    *Bechard I*, C.A. No. 11657-MA (Del. Ch. Feb. 18, 2016) (ORDER).

[16]    *Bechard v. Rios*, 2016 WL 1169097, at *1 (Del. Ch. Mar. 17, 2016) (hereinafter *Bechard II*).

[17]    *Id.*

[18]    *Id.*

[19]    Exception at 1-2.

that way. First, Mr. Critchfield's Complaint "made it past the de facto Register of Chancery's office" because he filed the Complaint in accordance with the Court of Chancery Rules and paid the required fees, not because Mr. Critchfield showed trusts on the face of the Complaint. Second, both of Mr. Bechard's actions were dismissed because Mr. Bechard's complaints manifestly failed to invoke the jurisdiction of this Court: Mr. Bechard sought relief that this Court is not authorized to grant, asserted legal theories that no court in this State has recognized, and pled facts taking place entirely outside of Delaware. Following the reasoning of *Bechard I* and *Bechard II*, which are based on the same theories as this action, this Court dismisses Mr. Critchfield's Complaint for lack of subject matter jurisdiction and dismisses all related motions as moot.

### B.     Alternative Grounds

Mr. Critchfield's Complaint is also dismissed for the independent reason that the statute on which Mr. Critchfield's claims rely does not permit this Court to grant the relief Mr. Critchfield seeks. Without suggesting that Mr. Critchfield's theories have any basis in reality, the Complaint and several of Mr. Critchfield's motions appear to seek relief based on theories rooted in TWEA.[20] According to TWEA Section 4309(a), however, Mr. Critchfield must bring his claims in the

---

[20]     TWEA § 4309.

United States District Court for the District of Columbia or in the United States District Court for the district in which he resides.[21]  Therefore, this Court may not determine any question of construction or validity arising under TWEA.  Contrary to Mr. Critchfield's suggestions, this Court's authority under the Delaware Declaratory Judgment Act[22] does not extend to construing TWEA or determining Mr. Critchfield's rights, status, or legal relations, if any, thereunder.

## III.     CONCLUSION

For the foregoing reasons, the Complaint is dismissed with prejudice, and all of Mr. Critchfield's motions are denied as moot.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

---

[21]  *Id.* § 4309(a) ("[C]laimant may institute a suit in equity in the United States District Court for the District of Columbia or in the district court of the United States for the district in which such claimant resides . . . to establish the interest, right, title, or debt so claimed . . . .").

[22]  10 *Del. C.* ch. 65.